Francis J. McCullough and Julia M. McCullough, v. Minnie R. Houar, Appellant.

**Landlord and tenant:** DISTURBANCE OF POSSESSION: DAMAGES. A tenant can not offset against his rent a claim of damages by reason of the fact that the tenants of other apartments in the same building so conduct the same as to constitute a nuisance, where the landlord upon complaint did what he could to terminate the nuisance and caused the objectionable parties to vacate, and after making complaint the tenant paid rent without further objection.

*Appeal from Scott District Court.*—Hon. J. W. Bollinger, Judge.

Friday, October 30, 1908.

Rehearing Denied Saturday, February 20, 1909.

The plaintiff brought this suit to recover rent due from the defendant. She counterclaimed for damages to her possession. There was a directed verdict for the plaintiffs, and the defendant appeals.—*Affirmed.*

*M. B. Gannon,* for appellant.

*Sharon & Donegan,* for appellees.

Sherwin, J.—There is no controversy over the lease or over the amount of rent due thereunder. The contest arises solely on the defendant's counterclaim. She claimed that she had been disturbed in her possession of the premises by reason of disreputable lessees of another part of

the same building, and that damages thus occasioned should be paid by the plaintiff and constitute an offset to the amount of rent due. The facts are that the plaintiffs leased another portion of the premises to a Mr. Perkins, against whom no complaint is made. Mr. Perkins' term expired on the 1st of March, 1906, but in November, 1905, he wished to sublet the premises to a family by the name of Kelly, and to this plaintiffs consented after making some investigation as to the character of the Kellys. The Kellys went into possession under their contract with Mr. Perkins about the 1st of December, and remained there until the 15th or 20th of February following. Some time about the 1st of January a tenant by the name of Evans complained to the plaintiffs of the conduct of the Kellys and of people who frequented their rooms, whereupon the plaintiffs, or one of them, notified Mr. Perkins of this fact, and told him that he thought the Kellys undesirable tenants, and that they would have to move. Upon receiving this notice from the plaintiffs, Mr. Perkins notified the Kellys, and they, not desiring to move at that time, went with Mr. Perkins to the plaintiffs to try and satisfy them that they should not be disturbed. The plaintiffs did not take that view of the matter, however, and insisted that they would have to vacate the premises. The plaintiffs also made complaint of the Kellys to the police officers of the city. About the middle of January the defendant herein first made complaint to the plaintiffs, but she thereafter paid the rent due from her without further objection. As an inducement for the Kellys to at once vacate their premises, the plaintiffs released Perkins from his obligation to pay the February rent, and, in fact, never did receive any rent for that month. The facts which we have related appear undisputed in the record, and we think the court was fully justified in directing a verdict.

The real question in this case is whether the plain-

tiffs did anything which would have justified the defendant in leaving the premises. The lessee can not hold the landlord liable for injuries committed by a stranger, for the landlord is not bound to defend the premises against the wrongful acts of third persons. The record conclusively shows that the plaintiffs in this case, not only did not do anything themselves to disturb the quiet enjoyment of the premises by the defendant, but, on the contrary, it is shown that they did everything which could reasonably be done to terminate the nuisance that the defendant was complaining of; and that certainly is all that the law requires. Counsel for appellant rely upon *Boyer v. Com. Bldg. Investment Co.*, 110 Iowa, 491, but the case decides nothing contrary to what we have already said. It is there said that "the landlord, without being guilty of an actual, physical disturbance of the tenant's possession, may yet do such acts as will justify the tenant in leaving the premises. If he does not leave, yet he may have an action for damages."

The judgment of the lower court is *affirmed.*